IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OREGON FEDERATION OF NURSES AND HEALTH PROFESSIONALS, AFT HEALTHCARE LOCAL 5017, AFL-CIO,**<br><br>          Plaintiff,<br><br>     v.<br><br>**KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST**,<br><br>          Defendant. | Case No. 3:13-cv-01953-PK<br><br>**OPINION AND ORDER** |

Catherine A. Highet and Francie Nevil, PORTLAND LAW COLLECTIVE, LLP, 1130 SW Morrison Street, Suite 407, Portland, OR 97205. Of Attorneys for Plaintiff.

Todd A. Hanchett and Laura E. Rosenbaum, STOEL RIVES, LLP, 900 SW Fifth Avenue, Suite 2600, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      United States Magistrate Paul Papak issued Findings and Recommendation in this case on August 14, 2014. Dkt. 46. Judge Papak recommended that: (1) Plaintiff's Motion for Summary Judgment (Dkt. 26) be granted in part and denied in part; (2); Defendant's Motion for Summary Judgment (Dkt. 24) be granted in part and denied in part; and (3) the case be stayed while the matter is remanded to the Arbitrator for clarification. Specifically, Judge Papak

PAGE 1 – OPINION AND ORDER

recommended that Plaintiff's motion be granted, to the extent it requests that the Court find the Arbitrator's award to be ambiguous and remand the matter to the Arbitrator for clarification, and Defendant's motion be granted to the extent it requests that the Court find the Arbitrator's award to be ambiguous and deny Plaintiff's requests for attorney fees.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed objections (Dkt. 50) to which Defendant responded (Dkt. 53). Specifically, Plaintiff objected to Judge Papak's finding that the arbitration award reinstating Elizabeth Osborn was ambiguous as to whether it precluded discipline based on the "Patient #4" allegations. Plaintiff also objected to Judge Papak's recommendation not to award attorney fees. In a telephone conference on October 8, 2014, the Court directed the parties to submit the matter to the Arbitrator for clarification, but did not decide whether the Arbitrator's October 4, 2013 award was ambiguous. The parties then submitted the following question to the arbitrator:

> Did the Arbitrator's reinstatement award (specifically, the October 4, 2013 and October 25, 2013 awards in the above-captioned case) preclude Kaiser from pursuing disciplinary action [against Elizabeth Osborn] based on the Patient #4 allegations?

On November 12, 2014, the Arbitrator issued a Third Supplemental Award, which answered "yes" to this question.

The Court has now reviewed *de novo* Judge Papak's Findings and Recommendation, as well as Plaintiff's objections, Defendant's response, and the parties' supplemental briefing. The Court adopts Judge Papak's finding that the October 4, 2013 award was ambiguous and Judge

PAGE 2 – OPINION AND ORDER

Papak's recommendation to deny Plaintiff's request for attorney fees. Furthermore, now that the Arbitrator's November 12, 2014 award has resolved the ambiguity in earlier awards, the Court orders Defendant to comply with the Arbitrator's October 4, 2013; October 25, 2013; April 23, 2014; and November 12, 2014 awards, and directs Defendant to vacate all discipline against Elizabeth Osborn based on the Patient #4 allegations.

Finally, in its Motion for Summary Judgment, Plaintiff asked for damages payable to Elizabeth Osborn for lost overtime during her administrative leave. In his Findings and Recommendation, Judge Papak held that it was premature to rule on Plaintiff's request for damages. In light of the Arbitrator's November 12, 2014 award, the Court now awards damages to Ms. Osborn and remands the matter to the Arbitrator to determine the amount of damages.

## CONCLUSION

The Court ADOPTS Judge Papak's Findings and Recommendation (Dkt. 46) that the October 4, 2013 award was ambiguous and that Plaintiff was not entitled to attorney fees. The Court further ORDERS that Defendant comply with the Arbitrator's October 4, 2013; October 25, 2013; April 23, 2014; and November 12, 2014 awards. The Court awards damages to Elizabeth Osborn for lost overtime pay in an amount to be determined by the Arbitrator.

**IT IS SO ORDERED**.

DATED this 5th day of January, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER